Submitted on remand from the Oregon Supreme Court February 12, 2020,
reversed and remanded March 31, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT DAVID DAFFERN,
*Defendant-Appellant.*

Washington County Circuit Court
17CR24418; A165867

486 P3d 27

On remand from the Oregon Supreme Court, *State v. Daffern*, 366 Or 97, 455 P3d 925 (2020).

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joshua B. Crowther, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

We affirmed without opinion defendant's conviction for unlawful possession of methamphetamine, ORS 475.894, rejecting his challenge to the trial court's denial of his motion to suppress. 297 Or App 582, 442 P3d 246 (2019). Defendant sought review in the Supreme Court, and the Supreme Court has now remanded the case to us for reconsideration in light of the court's opinion in *State v. Arreola-Botello*, 365 Or 695, 451 P3d 939 (2019). We now agree with defendant that his conviction must be reversed.

Police Officers Allenbaugh and Schreiner were patrolling and stopped defendant on his bicycle for failing to signal a lane change. Allenbaugh asked defendant for his identification, and defendant provided an Oregon Identification Card. Allenbaugh contacted dispatch for a records check.

While waiting for the results of the records check, and without any independent justification, Schreiner asked defendant if he could search him for drugs or weapons. Schreiner testified that he asked for defendant's consent to search during an unavoidable lull. Defendant consented. Schreiner asked defendant if he had anything sharp or dangerous in his pockets, and defendant volunteered that he had a syringe in his left front pocket. Schreiner found the syringe and later determined that it contained methamphetamine.

Defendant was charged with unlawful possession of methamphetamine and sought to suppress evidence of the search, arguing that the request for consent to search was not reasonably related to the stop. The trial court denied the motion, citing this court's case law allowing for such questioning during an "unavoidable lull." *See, e.g.*, *State v. Dennis*, 250 Or App 732, 737, 282 P3d 955 (2012). On appeal, we affirmed defendant's conviction without opinion.

In *Arreola-Botello*, 365 Or at 712, the court disavowed our "unavoidable lull" rationale and held that investigative inquiries after a lawful traffic stop must be reasonably related to the purpose of the traffic stop or supported by an independent constitutional justification. Because the record here reflects that Schreiner's request to search

defendant did not have any relation to the purpose of the traffic stop and was not supported by an independent constitutional justification, we conclude that the trial court erred in denying defendant's motion to suppress.

Reversed and remanded.